IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMIEN D. GRAHAM    :

   v.    :    Civil Action No. DKC 19-0150
                         Criminal Case No. DKC 17-0085

UNITED STATES OF AMERICA    :

**MEMORANDUM OPINION**

Damien D. Graham, Petitioner, pleaded guilty pursuant to a plea agreement and received a 132-month sentence, consisting of 48 months for conspiracy to interfere with interstate commerce by robbery (Count One), and a consecutive term of 84 months for brandishing a firearm during and in relation to a crime of violence (Count Seven). In the wake of *Johnson v. United States*, 135 S.Ct. 2552 (2015), and *United States v. Davis*, 139 S.Ct. 2319 (2019), he seeks relief pursuant to 28 U.S.C. § 2255. Specifically, he contends that his conviction on Count Seven must be vacated because the predicate "crime of violence" was conspiracy, which no longer qualifies. He seeks resentencing on Count One.[1] The Government contends that, despite the conviction in Count One for conspiracy, the predicate for Count Seven was robbery in Count Six, which continues to qualify as a crime of violence.

---

[1] The original sentence on Count One was significantly below the guidelines. Indeed, the entire 132-month sentence would fall within the guidelines for count one alone.

Count Seven reads:

> On or about July 10, 2016, in the District of Maryland, the defendants, Andre R. Brown, and Damien D. Graham, did knowingly, intentionally and unlawfully (1) use, carry, and brandish a firearm during and in relation to, and (2) possess and brandish a firearm in furtherance of, a crime of violence, for which they may be prosecuted in a court of the United States, to wit: unlawfully obstructing, delaying, and affecting commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Six of this Indictment, which is incorporated here.

When the plea agreement was typed, however, it recited the elements of Count Seven incorrectly by referring to "Interference with Interstate Commerce by Robbery, as charged in Count One of the Indictment." The mistake was read by the judge[2] at the Rule 11 proceeding. Petitioner now claims that the conviction on Count Seven cannot stand in light of that error.

The Judgment Order recites that Petitioner was convicted of Count Seven, which referred to Count Six as the predicate crime of violence. Petitioner is not arguing that his plea should be vacated because he was misadvised as to the elements. Rather, he is arguing that the only remedy is to vacate the conviction because it was actually based on a non-crime of violence, to wit the

---

[2] At the time, the case was assigned to another member of this court. It was reassigned to the undersigned after the plea, but before sentencing.

conspiracy. To the contrary, there is no ambiguity in this record and the conviction on Count Seven will stand.

The indictment contained seven counts, charging Petitioner with three robberies between May 23, 2016, and July 10, 2016. Count One was the conspiracy that encompassed the three robberies. Count Two was a robbery on May 23, 2016, with the firearm charge related to that robbery in Count Three. Count Four was a robbery on June 27, 2016, with the firearm charge related to that count in Count Five. Count Six was the robbery on July 10, 2016, with the firearm charge related to that count in Count Seven. Petitioner admitted to all three robberies (as well as an additional robbery on July 2, 2016) and the brandishing of a firearm in three of the robberies as part of his plea.

A conviction on an 18 U.S.C. § 924(c) charge can stand without a conviction on the underlying offense. *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997). Indeed, such a conviction can stand even if a defendant is acquitted on the predicate crime of violence. *United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002). Furthermore, a guilty plea is an admission to all the material elements of the crime. *United States v. Nelson*, 484 F.3d 257, 261 (4th Cir. 2007). Thus, it was not necessary for Petitioner to be convicted of the underlying crime of violence in Count Six to sustain his conviction on Count Seven.

The description of the predicate crime of violence was solely "interference with interstate commerce by robbery." The only error was to state that the predicate crime was contained in Count One. This did not create an "ambiguity" as to what the predicate crime was in his admission to guilt on Count Seven. Petitioner relies on cases that arose in different circumstances, such as a § 924(c) charge containing multiple, alternative predicate offenses. *See United States v. Vann*, 660 F.3d 771, 774 n. 4 (4th Cir. 2011). Similarly, *In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016), does not help Petitioner. There, the indictment listed several possible predicate offenses in a single § 924(c) offense, and there was a general verdict of guilty. Finally, *United States v. Lettiere*, 2018 WL 3429927 (D.Mont. July 16, 2018) arose in the Ninth Circuit and dealt with the distinction between robbery and extortion for a Hobbs Act violation.

As noted above, Petitioner is not challenging his plea. A plea agreement is assessed under normal rules of contract interpretation. *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009)(citing *Santobello v. New York*, 404 U.S. 257 (1971) and *United States v. Peglera*, 33 F.3d 412 (4th Cir. 1994)). For example, *Perez v. United States*, 2014 WL 12644293, at *6 (S.D.Tex. Sept. 12, 2014), discusses the concept of "ambiguity" due to typographical errors:

Defendant's reference to ambiguity necessitates a brief discussion on the interpretation of plea agreements. When construing plea agreements, the Fifth Circuit applies normal principles of contract interpretation. [*United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)]. Consistent with the principles of contract interpretation, any ambiguities in an agreement must be construed against the Government as the drafter. *United States v. Farias*, 469 F.3d 393, 397 (5th Cir. 2006). "A contract is ambiguous 'if its plain language is amenable to more than one reasonable interpretation.'" *Horn v. State Farm Lloyds*, 703 F.3d 735, 738 (5th Cir. 2012) (quoting *Nautilus Ins. Co. v. Country Oaks Apts., Ltd.*, 566 F.3d 452, 455 (5th Cir. 2009)).

That said, ambiguity must not be read into an agreement in which none readily manifests itself. *United States v. Rodriguez–Estrada*, 741 F.3d 648, 650 (5th Cir. 2014). The same principle applies where an agreement contains a typographical error. *See Doe v. Tex. Ass'n of School Boards, Inc.*, 283 S.W.3d 451, 460–61 (Tex. App. 2009) (holding that agreement was not ambiguous because the singular term "incident" was a mere typographical error). Generally, typographical errors will "yield to the well-established doctrine that written contracts will be construed according to the intention of the parties, notwithstanding errors and omissions, by perusing the entire document[,] and to this end, words, names, and phrases obviously intended may be supplied." *Ussery Invs. v. Canon & Carpenter, Inc.*, 663 S.W.2d 591, 593 (Tex. App. 1983). Indeed, to ascertain the parties' true intentions, courts "must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003).

5

This record does not show any ambiguity in the nature of the predicate offense for the § 924(c) conviction. Accordingly, while the motion to supplement will be granted, the motion to vacate, as supplemented, will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Upon review of the record, the court finds that Petitioner has not satisfied the above standard. Accordingly, a certificate of appealability will not issue.

                                                       /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge